# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

ESTHER LATCHER,  File No. 12-cv-939 (PJS/TNL)

    Petitioner,

v.  **REPORT & RECOMMENDATION**

NICOLE ENGLISH, Warden,

    Respondent.

Esther Latcher, Prisoner # 34018-044, 1000 University Ave., Waseca, MN 56093, *pro se* Petitioner; and

Lonnie F. Bryan, **United States Attorney's Office**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent.

## I. INTRODUCTION

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (ECF No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons below, this Court recommends that the petition for writ of habeas corpus be denied.

## II. BACKGROUND

### A. Criminal History and Drug Treatment Program

On September 12, 2007, Petitioner pled guilty to conspiracy to distribute heroin and was sentenced to a prison term of eighty-four months. Her projected release date is

January 3, 2014. (ECF No. 1-3, at 1.) On September 12, 2008, Petitioner submitted an application for habeas corpus relief under 28 U.S.C. § 2255, claiming ineffective counsel and sentencing errors. *Latcher v. United States*, No. 4:08CV1397 RWS, 2009 WL 790465, at *1 (E.D. Mo. Mar. 23, 2009). The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri, dismissed Petitioner's application with prejudice, determining that Petitioner's counsel acted reasonably and that Petitioner waived her right to appeal any sentencing error as part of her plea agreement. *Id.* at *2–3.

On June 7, 2011, the Bureau of Prisons (BOP) designated Petitioner to FCI-Waseca so she could participate in the Residential Drug Abuse Program (RDAP). Petitioner began RDAP on November 21, 2011, and she completed the program on August 27, 2012. (Phillips Decl. ¶ 6, ECF No. 4; *see* ECF No. 8.) Before Petitioner's participation in RDAP, BOP performed a Section 3621(e) Offense Review to determine whether Petitioner was eligible for early release. (Phillips Decl. ¶ 3.) BOP found that Petitioner had prior state assault convictions and subsequently notified Petitioner that she was ineligible for early release upon completion of RDAP. (*Id.* ¶ 4.)

### B. Administrative Appeals Process

On July 12, 2011, Petitioner attempted an informal, institutional resolution to appeal her ineligibility for early release. She argued that her presentence investigation report (PSR), which contained the precluding assault convictions, lacked proof of violence (e.g., police and sentencing reports). (ECF No. 1-3, at 5.) The unit manager suggested that Petitioner avail herself of the administrative appeals process. (*Id.*) On

August 1, 2011, Petitioner submitted a Request for Administrative Remedy to Nicole English, Warden of FCI-Waseca. (*Id.* at 13.) Petitioner claimed that her PSR contained erroneous assault convictions (including one assault committed by an allegedly unknown alias, Millie Rankins). (*Id.* at 10.) In the alternative, Petitioner argued that her record lacked "any description of history of violence." (*Id.* at 13.) Warden English denied the request, stating that Petitioner's "eligibility was reviewed in accord with defined procedures and consistent with program policy." (*Id.* at 12.) In September 2011, Petitioner submitted a Regional Administrative Remedy Appeal, which was also denied. (*Id.* at 14–15.)

In October 2011, Petitioner submitted an appeal to the BOP Central Office. (*Id.* at 17.) Petitioner has not received a response and may therefore consider her appeal to be denied. *See* 28 C.F.R § 542.18 (indicating that lack of response to an appeal may be considered a denial of that appeal). BOP agrees that Petitioner has exhausted her administrative remedies. (Buege Dep. ¶ 4, ECF No. 5.) Petitioner subsequently filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). In October, Petitioner filed a Motion for the Expeditious Disposition of her Petition for Writ of Habeas Corpus (ECF No. 8).

### III. DISCUSSION

#### A. Pertinent BOP Regulations

Congress has charged BOP with providing substance abuse treatment to inmates with a "treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b)(5). As an incentive for prisoner participation, "[t]he period a prisoner convicted of a nonviolent

offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons [by up to one year]." *Id.* § 3621(e)(2)(B).

BOP implemented RDAP to provide substance abuse treatment in accordance with § 3621(b)(5). *See* 28 C.F.R. § 550.50. An inmate who completes RDAP may receive incentives, including early release. *Id.* § 550.54(a)(1)(iv). The determination of whether an inmate is eligible for early release is "an exercise of the Director's discretion." *Id.* § 550.55(b). Additionally, certain classes of inmates are ineligible to receive early release, including inmates with current or prior convictions for violent offenses. *Id.* § 550.55(a)(1) (current offenses); § 550.55(b)(4) (prior offenses). Certain "crimes of violence" preclude offenders from RDAP early release. *See* Fed. Bureau of Prisons, U.S. Dep't of Justice, Program Statement No. 5162.05: Categorization of Offenses (2009). Given the lack of uniformity among state statutes, BOP relies on the violent crime definitions in the FBI's Uniform Crime Report (UCR) to determine whether a state offense is analogous to a violent offense under BOP regulations. *Zacher v. Tippy*, 202 F.3d 1039, 1045 (8th Cir. 2000). BOP compares the state offense to the corresponding UCR definition of the offense; if the definitions are sufficiently similar, it considers the state offense to be a disqualifying offense under 28 C.F.R. § 550.55(b)(4). *See id.*

BOP examines the inmate's Commitment Order and PSR to determine whether the inmate has a current or prior conviction for a violent crime. Fed. Bureau of Prisons, U.S. Dep't of Justice, Program Statement No. 5331.02: Early Release Procedures Under 18 U.S.C. § 3621(e), at 5–6 (2009). If the inmate's PSR reveals that the inmate has a prior

conviction for a violent crime, BOP notifies the inmate that she is ineligible for early release. *See id.*

**B. BOP Properly Construed § 3621(e)(2)(B) to Preclude from Early Release Inmates Convicted of Prior Violent Offenses.**

First, Petitioner argues that BOP exceeded its discretion by interpreting § 3621(e)(2)(B) to preclude from early release inmates with current *and* prior convictions for violent offenses. (ECF No. 1, at 5–6.) Petitioner argues that Congress, in enacting § 3621(e)(2)(B), intended to preclude only inmates with current convictions for a violent offense; thus, Petitioner contends, BOP's interpretation is contrary to Congress' intention. (*Id.*) BOP asserts that this Court should defer to BOP's interpretation because it is neither arbitrary nor capricious. (Gov't Resp. at 9, 11, ECF No. 3.)

If a statute is silent or ambiguous with respect to the question at issue, a court must determine merely whether an agency's interpretation of that statute is permissible. *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984). "In such a case, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Id.* at 844.

Because § 3621(e)(2)(B) does not define "nonviolent offense," Congress left a gap to be filled in by BOP. *Zacher*, 202 F.3d at 1044. BOP filled that gap by precluding from early release inmates with current and prior convictions of violent crimes. 28 C.F.R. § 550.55(b)(4). The Eighth Circuit has deferred to BOP's interpretation, holding that § 3621(e)(2)(B) permits BOP to consider both current and prior offenses and determine which offenses are violent. *Zacher*, 202 F.3d at 1044.

Petitioner relies on *Crickon v. Thomas*, a Ninth Circuit opinion, to argue that BOP has not provided a rationale for categorically excluding inmates from early release due to prior convictions. 579 F.3d 978, 983 (9th Cir. 2009). The Eighth Circuit, however, has consistently upheld BOP's preclusion of inmates from early release based on prior convictions. *See, e.g.*, *Zacher*, 202 F.3d at 1045; *United States v. Lopez-Salas*, 266 F.3d 842, 848 (8th Cir. 2001) (finding a categorical exclusion based on prior convictions to be within BOP's discretion).

Moreover, the Supreme Court has emphasized that § 3621(e)(2)(B) is discretionary and does not require BOP to grant early release. *Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("Congress' use of the permissive 'may' in § 3621(e)(2)(B) contrasts with the legislators' use of a mandatory 'shall' in the very same section."). In other words, BOP "has the authority, but not the duty" to grant early release to eligible inmates who complete RDAP. *Id.* Here, even if Petitioner were eligible under BOP regulations for early release, BOP would be within its considerable discretion in declining to amend her sentence. *See Bellis v. Davis*, 186 F.3d 1092, 1095 (8th Cir. 1999) (holding that BOP properly exercises its discretion when it precludes from early release inmates who committed nonviolent offenses). Accordingly, BOP reasonably interpreted § 3621(e)(2)(B) when it precluded from early release inmates who have prior convictions for violent offenses.

### C. BOP Properly Construed Petitioner's Prior State Convictions as "Aggravated Assault."

Next, Petitioner contends that BOP improperly construed her Missouri state assault convictions as a violent offense. (Pet'r's Resp. 3–7, ECF No. 7.) BOP asserts that the state assault crimes of which Petitioner was convicted are analogous to BOP's definition of "aggravated assault." (Gov't Resp. at 10–11.)

Petitioner was precluded from early release due to prior convictions for Assault with Intent to do Great Bodily Harm (convicted May 25, 1972) and First Degree Assault (convicted January 9, 1976, and January 16, 1976),[1] in violation of Mo. Rev. Stat § 559.180. The statute provided:

> Every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to kill, maim * * * shall be punished by imprisonment in the penitentiary not less than two years.

Mo. Rev. Stat. § 559.180 (1972), *quoted in Johnson v. State*, 485 S.W.2d 73, 74 (Mo. 1972).[2]

On its face, an assault conviction under Mo. Rev. Stat. § 559.180 precludes Petitioner from early release under 28 C.F.R. § 550.55(b)(4)(iv) as a prior conviction of "aggravated assault." Moreover, the UCR defines "aggravated assault" as "an unlawful attack by one person upon another for the purpose of inflicting severe or aggravated

---

[1] It is unclear from the PSR whether the January 9 and January 16 convictions are in fact separate offenses. However, this uncertainty is irrelevant for the purposes of this petition.

[2] Section 559.180 was in effect until 1979, when Missouri's first-degree assault statute was amended and renumbered. Act of July 6, 1977, S.B. 60, § 1, 1977 Mo. Laws 658, 684 (codified as amended at Mo. Rev. Stat. § 565.050).

bodily injury. This type of assault is . . . likely to produce death or great bodily harm." *Zacher*, 202 F.3d at 1045. Section 559.180 is consistent with the UCR definition of "aggravated assault," and this conviction precluded Petitioner from early release under 28 C.F.R. § 550.55(b)(4)(iv).

Petitioner also contends that the PSR lacks proof that her prior assault convictions were violent. She argues that the PSR "is not verifiable" because it does not contain police reports and report summaries that describe the criminal acts. (ECF No. 1, at 1–2.) This information is unnecessary. Petitioner was convicted under § 559.180. BOP determined that the statute is analogous to BOP's definition of "aggravated assault," a determination which is afforded great deference. *See* 28 C.F.R. 550.55(b) (stating that a determination of eligibility for early release is "an exercise of [BOP]'s discretion"). Therefore, no additional information is needed to conclude that Petitioner's acts constituted aggravated assault. Accordingly, BOP properly construed Petitioner's prior state assault convictions as violent offenses that preclude her from RDAP early release.

**D. "Age" of Petitioner's Prior Violent Offenses Is Irrelevant.**

Petitioner next argues that her prior assault convictions cannot be considered in determining RDAP early release because the convictions occurred over thirty-five years ago. (ECF No. 1, at 5.) The Court, persuaded by ample case law, finds Petitioner's argument unavailing. *See, e.g.*, *Kyles v. Fondren*, No. 08-6074 (PAM/RLE), 2009 WL 4041491, at *6 (D. Minn. Nov. 18, 2009) (27-year-old armed robbery conviction); *Somerset v. Fondren*, No. 09-788 (MJD/SRN), 2009 WL 3461410, at *4 (D. Minn. Oct. 20, 2009) (30-year-old robbery conviction); *Sisneros v. Anderson*, No. 06-3107

(PAM/JSM), 2007 WL 3512647, at *3 (D. Minn. Nov. 14, 2007) (37-year-old assault conviction). Petitioner has cited no Eighth Circuit authority to suggest that BOP exceeds its discretion by considering "stale" convictions.

Petitioner relies on *Crickon*, in which the Ninth Circuit found BOP's reliance on a thirty-seven-year-old voluntary manslaughter conviction to be unreasonable. 579 F.3d at 983. The Ninth Circuit, however, did not base its decision on the fact that the inmate's prior convictions were unreasonably "stale." Rather, *Crickon* found BOP's rule invalid

> because the BOP failed to provide any rationale for the categorical exclusion generally, and because the rationale provided for considering any prior conviction, *regardless of its age*, is premised upon a mistake of law, i.e., that § 3621(e)(2)(B) limits the early release incentive to inmates who have no prior convictions for violent offenses.

*Id.* (emphasis added). Thus, *Crickon* stands for the proposition that BOP has provided insufficient rationale for precluding inmates for early release based on *any* prior conviction. *Id.*

Petitioner also asserts that BOP's use of "stale" convictions violates the Equal Protection and Due Process Clauses. (Pet'r's Resp. 7.) Petitioner's equal protection claim, however, fails to allege the requisite disparate treatment; indeed, she argues that BOP *should* differentiate between inmates with "stale" and "fresh" prior convictions. *See Zacher*, 202 F.3d at 1046 (requiring disparate treatment of a similarly situated inmate). Petitioner's due process argument is similarly unavailing. There exists no fundamental right in receiving early release after completing RDAP. *Giannini v. Fed. Bureau of Prisons*, 405 F. App'x 96, 97 (8th Cir. 2010). Accordingly, BOP's use of 35-year-old assault convictions to preclude Petitioner from early release was valid.

### E. This Court Lacks the Authority to Amend Petitioner's PSR.

Finally, Petitioner asserts that her PSR contains errors that resulted in BOP incorrectly precluding her from early release. Petitioner states that her PSR includes convictions committed by an allegedly unknown alias, Millie Rankins, and contains other inconsistencies and inaccuracies. (Pet'r's Resp. 3–4.) Petitioner essentially asks the Court to amend her PSR by removing prior convictions and resolving perceived inaccuracies.

A court may "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Petitioner, however, requests that the Court make substantive changes to the PSR, changes which the Court has no authority to make. *See United States v. Riley*, No. 09-CR-0098(1) (PJS/LIB), 2012 WL 787403, at *1 (D. Minn. Mar. 8, 2012). Moreover, Petitioner did not object to the PSR at the time of her sentencing and made no mention of erroneous information in her previous § 2255 habeas petition. *See Latcher*, 2009 WL 790465. Therefore, Petitioner is precluded from challenging the contents of the PSR in this petition. *Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED** and Petitioner's Motion for the Expeditious Disposition of her Petition (ECF No. 8) be **DENIED AS MOOT**.


Date:  June 19, 2013                              s/ Tony N. Leung

                                                  Tony N. Leung
                                                  United States Magistrate Judge
                                                  District of Minnesota

                                                  *Latcher v. English*
                                                  File No. 12-cv-939 (PJS/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **July 19, 2013**.